UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL A-1 ADVERTISING, INC. : <br> 106 S. 7th Street : <br> Philadelphia, PA 19106 : <br>               Plaintiff, : <br>   v.                  : <br>                      : <br> JOHN DOE a/k/a RICHARD MCCONNELL,: <br> et al, : <br>                      : <br>              Defendants. : | No. 2:11-cv-04230-JCJ |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS, ONLINENIC, INC. AND REX W. LIU, TO DISMISS PURSUANT TO RULES 12(b)(6) AND 9(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

I.    Procedural and Factual Background ......................................................................... 1

    A.    Procedural Background.................................................................................. 1

    B.    Factual Background....................................................................................... 2

II.   Argument .................................................................................................................. 3

    A.    Standard Governing a Motion to Dismiss .............................................. 3

    B.    Plaintiff's Complaint Fails to State a Claim for Fraud Against OnlineNIC or Mr. Liu................................................................................... 7

        1.    Heightened Pleading Standard for Claims Sounding in Fraud ................................................................................................ 7

        2.    Plaintiff's Complaint is Woefully Deficient as it Fails to State a Claim for Fraud against OnlineNIC or Mr. Liu with Particularity .................................................................................... 8

    C.    Plaintiff Has Failed to State a Claim for Civil Conspiracy.................... 11

    D.    Plaintiff Has Failed to State a Claim for Conversion ........................... 12

    E.    Plaintiff's Claim for Constructive Trust Must Be Dismissed................ 13

III.  Conclusion ............................................................................................................. 14

i

TABLE OF AUTHORITIES

CASE                                                                                                    PAGE

*Ashcroft v. Iqbal,*
129 S.Ct. 1937, 1949-1950 (2009) ................................................................. 4, 5, 6

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544, 555, 557, 562-563 (2007) ....................................................... passim

*Boyanowski v. Capital Area Intermediate Unit,*
215 F.3d 396, 407 (3d Cir. Pa. 2000) ................................................................. 12

*Conley v. Gibson,*
355 U.S. 41 (1957) ................................................................................................ 3

*Craftmatic Sec. Litig. v. Kraftsow,*
890 F.2d 628, 645 (3d Cir. 1989) ....................................................................... 10

*DiVittorio v. Equidyne Extractive Indus., Inc.,*
822 F.2d 1242, 1247 (2d Cir. 1987) ..................................................................... 9

*Eisenhauer v. Clock Towers Assoc.,*
582 A.2d 33, 36 (Pa. Super. 1990) ..................................................................... 12

*Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.,*
412 F.3d 745, 748 (7th Cir. 2005) ........................................................................ 7

*Forcine Concrete and Constr. Co., Inc.,*
Civ. Act. No. 08-2926, 2010 U.S. Dist. LEXIS 59196, *14
(E.D. Pa. June 14, 2010) .................................................................................... 11

*Fowler v. UPMC Shadyside,*
578 F.3d 203, 210 (3d Cir. 2009) ............................................................. 6, 12, 13

*Gibbs v. Ernst,*
538 Pa. 193, 647 A.2d 882, 889 (Pa. 1994) ......................................................... 8

*Halberstam v. Welch,*
227 U.S. App. D.C. 167, 705 F.2d 472, 479 (D.C. Cir. 1983) ........................... 12

*In re Burlington Coat Factory Sec. Litig.,*
114 F.3d 1410, 1429-1430 (3d Cir. 1997) ............................................... 6, 7, 8, 12

*In re Rockefeller Center Properties, Inc. Sec. Litig.,*
311 F.3d 198, 217 (3d Cir. 2002) ......................................................................... 7

*Kennedy v. Venrock Assocs.,*
348 F.3d 584, 594 (7th Cir. 2003) ................................................................. 7, 10

*Lerario v. Provident Life & Accident Ins. Co.*,
Civ. Act. No. 96-2100, 1996 U.S. Dist. LEXIS 13671
(E.D. Pa. Sept. 20, 1996) .......................................................................................... 13

*Lum v. Bank of Am.*,
361 F.3d 217, 224 (3d Cir. 2004) ................................................................................ 7

*Morse v. Lower Merion Sch. Dist.*,
132 F.3d 902, 906 (3d Cir. 1997) ......................................................................... 6, 12

*Naporano Iron & Metal Co. v. Am. Crane Corp.*,
79 F.Supp.2d 494, 511 (D.N.J. 1999) ......................................................................... 8

*Phillips v. Cnty. of Allegheny*,
515 F.3d 224, 232 (3d Cir. 2008) ........................................................................... 4, 7

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*,
631 F.3d 436, 442 (7th Cir. 2011) ............................................................................... 9

*Ricupito v. Indianapolis Life Ins. Co.*,
Civ. Act. No. 3:09-cv-2389-B,MDL No. 1983,
2010 U.S. Dist. LEXIS 104893, *16 (N.D. Tex. Sept. 30, 2010) .......................... 9, 10

*SNA Inc. v. Array*,
51 F. Supp.2d 554, 561 (E.D. Pa. 1999) ................................................................... 11

*Shonberger v. Oswell*,
530 A.2d 112, 114 (Pa. Super. 1987) ....................................................................... 12

*Shulton, Inc. v. Optel Corp.*,
Civ. Act. No. 85-2925, 1986 U.S. Dist. LEXIS 19775, *53
(D.N.J. Sept. 29 1986) .............................................................................................. 10

*Stern v. Leucadia Nat'l Corp.*,
844 F.2d 997, 1103 (2d Cir. 1988) ....................................................................... 9, 10

*Strickland v. Univ. of Scranton*,
700 A.2d 979, 987-988 (Pa. Super. Ct. 1997) .......................................................... 11

*United States ex. Rel. Doe v. Dow Chem. Co.*,
343 F.3d 325, 330 (5th Cir. 2003) ............................................................................... 8

*Uni*Quality, Inc. Infotronx, Inc.*,
974 F.2d 918, 924 (7th Cir. 1992) ............................................................................... 9

*Vess v. Ciba-Geigy Corp.USA*,
317 F.3d 1097, 1107-1108 (9th Cir. 2003) .................................................................. 8

*Weiner v. Quaker Oats Co.*,
129 F.3d 310, 319 (3d Cir. 1997) .............................................................................. 10

| STATUTE | PAGE |
|---|---|
| Fed. R. Civ. P. 8 | 4, 5, 8 |
| Fed. R. Civ. P. 8(a) | 4 |
| Fed. R. Civ. P. 8(a)(2) | 4 |
| Fed. R. Civ. P. 9(b) | passim |
| Fed. R. Civ. P. 12(b)(6) | passim |

Defendants OnlineNIC, Inc. ("OnlineNIC"), and Rex W. Liu ("Mr. Liu," together with OnlineNIC, collectively, the "Moving Defendants") hereby submit this Memorandum of Law in support of their Motion, Pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, to Dismiss the Complaint of Plaintiff, National A-1 Advertising, Inc. ("National").

## I.     PROCEDURAL AND FACTUAL BACKGROUND

### A.     Procedural Background

1.     National commenced this action in the Philadelphia Court of Common Pleas ("CCP") by filing a Praecipe for Writ of Summons on April 25, 2011.[1] Immediately thereafter, National filed a Motion for Preliminary Injunction in the CCP, alleging that it had been defrauded of $35,000.00 in an internet domain name transfer transaction, and obtained an order from the CCP freezing a Wells Fargo bank account belonging to OnlineNIC. Despite the fact that Plaintiff apparently had learned that the Wells Fargo account was in the name of OnlineNIC, Plaintiff did not name OnlineNIC as a party to this action, nor was OnlineNIC given any notice of the Plaintiff's application for injunctive relief.

At the time the injunction order was entered, the Wells Fargo account contained upwards of $700,000.00. Plaintiff agreed to allow OnlineNIC to intervene in the CCP as a Defendant, but would not agree to release the funds in the Wells Fargo account until OnlineNIC placed the amount of $75,000.00 in escrow with the CCP.

On May 23, 2011, OnlineNIC filed a Praecipe for Rule to File Complaint in the CCP, and the Prothonotary of the CCP entered a Rule to File Complaint, directing Plaintiff to file a complaint within twenty (20) days or suffer the entry of a Judgment of

---

[1] Copies of the Praecipe for Writ of Summons, together with all other papers, pleadings and motions filed in the CCP are filed of record as an exhibit to OnlineNIC's Notice of Removal in this matter (Docket #1)

1

Non Pros. When no complaint had been filed within the twenty days provided by the Rule, OnlineNIC sent Plaintiff a notice of intent to seek a judgment of non pros. Subsequently, on June 23, 2011, Plaintiff filed a Complaint (the "Complaint") against Defendants John Doe, OnlineNIC, Mr. Liu, and Perry J. Narancic ("Mr. Narancic"), alleging counts for fraud, conversion, and civil conspiracy against all Defendants, for breach of contract against Doe, and for constructive trust against OnlineNIC.

On June 29, 2011, OnlineNIC removed the action to this Court by the filing of a Notice of Removal. Moving Defendants now move to dismiss Plaintiff's Complaint, and any and all claims asserted against them therein, with prejudice.

### B. Factual Background

This action arises out of an apparent alleged transaction of an internet domain name, in which National attempted to purchase the domain name "walk.com" for $35,000.00 from an unknown individual allegedly purporting to be someone named "Richard McConnell." *See* Complaint at ¶¶ 9 – 19. According to the Complaint, National later learned that "Richard McConnell" was not in fact the seller, but rather an unknown individual who had gained access to McConnell's accounts and did not in fact have permission to sell the subject domain name. *Id.* <u>Yet not content to seek recovery against the anonymous hacker, National has unconscionably latched onto a *single factual allegation*—that the escrowed sale price was sent to a bank account in the name of OnlineNIC—and extrapolated that fact into counts of fraud, conspiracy, and conversion against not only OnlineNIC, but also Mr. Liu in his individual capacity</u>.

When stripped of legal conclusions and formulaic recitation of the elements of the causes of action charged, National's factual allegations against OnlineNIC and Mr. Liu can be summarized as follows:

- Funds from an allegedly fraudulent transaction were, at the direction of an unknown perpetrator, transferred to a bank account in the name of OnlineNIC. Complaint at ¶17.

- "*Upon information and belief*, OnlineNIC, Narancic and Liu, facilitated the improper and unlawful actions of Defendant Doe by, inter alia, facilitating wire transfers of funds, laundering money for Doe, actively concealing the true identity and location of Doe and such other further acts as shall be revealed, in discovery." Complaint at ¶ 21.

- "*Upon information and belief*, Defendant OnlineNIC is in possession of funds belonging to National." Complaint at ¶ 22.

Incredibly, despite the serious, yet wholly bare and unsupported allegations, Plaintiff has set forth no facts of *any* specific actions by OnlineNIC, Mr. Narancic or Mr. Liu, nor has Plaintiff provided *any* indication of how it has developed such "information and belief." Plaintiff has pled no facts indicating what role, if any, Mr. Liu (or Mr. Narancic) plays at OnlineNIC, what actions they took on OnlineNIC's behalf, or why they should be subject to individual liability. In short, National's allegations against OnlineNIC and Mr. Liu are based on nothing more than conclusory statments and wild (and, incidentally, grossly incorrect) speculation, and must be dismissed for the reasons set forth below

## II. ARGUMENT

### A. Standard Governing a Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for the failure to state a claim upon which relief can be granted.  The standard for a Motion to Dismiss under Rule 12(b)(6) was notably refined in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  In *Twombly*, the United States Supreme Court dispensed with the "no set of facts" language common to motion to dismiss practice ever since *Conley v. Gibson*, 355 U.S. 41 (1957), which first held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." *Id.* After examining at length how this standard has not been literally interpreted by the courts, the *Twombly* court concluded, "[w]e could go on, but there is no need to pile up further citations to show that Conley's 'no set of facts' language has been questioned, criticized, and explained away long enough [...] and after puzzling the profession for 50 years, this famous observation has earned its retirement." *Id.* at 562-563.  As such, the court proffered a new characterization of the pleading standard under 8(a), stating, *inter alia*, that factual allegations must demonstrate that entitlement to relief is not merely possible, but must be plausible, "and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 and 557.

While the *Twombly* opinion and its analysis of the pleading standard has led to confusion (*See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d. Cir. 2008)), much of the confusion was allayed by the Supreme Court decision in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

*Iqbal* sets forth the new interpretation of the standard set by Rule 8(a) in detail:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent

4

>  with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* at 1949 (internal citations omitted).

The Court then provided further insight into its reasoning in utilizing such an analysis:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation." Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief."

*Id.* at 1950 (internal citations omitted).

It should also be noted that the *Iqbal* Court specifically suggested that a "court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* The *Iqbal* Court then applied this concept to its own analysis of the plaintiff's claims, which is particularly informative with respect to the instant action and Plaintiff's failure to properly plead its allegations against Cornerstone.

In analyzing the plaintiff's claims against government officials for violations of his Constitutional rights relative to his detainment after the events of September 11, 2001, the *Iqbal* court stated:

> We begin our analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth. Respondent pleads that

5

> petitioners "knew of, condoned, and willfully and maliciously agreed to subject [him]" to harsh conditions of confinement "as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest." The complaint alleges that Ashcroft was the "principal architect" of this invidious policy and that Mueller was "instrumental" in adopting and executing it. These bare assertions, much like the pleading of conspiracy in *Twombly*, amount to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim, namely, that petitioners adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." As such, the allegations are conclusory and not entitled to be assumed true. To be clear, we do not reject these bald allegations on the ground that they are unrealistic or nonsensical. We do not so characterize them any more than the Court in *Twombly* rejected the plaintiffs' express allegation of a "'contract, combination or conspiracy to prevent competitive entry,'" because it thought that claim too chimerical to be maintained. It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth.

*Id.* (internal citations omitted).

Therefore, as the Third Circuit Court of Appeals recently explained, in addressing a motion to dismiss for failure to state a claim, a court must engage in a two-part analysis:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal citations and quotations omitted); *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) ("a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss.") (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

### B. Plaintiff's Complaint Fails to State a Claim for Fraud Against OnlineNIC or Mr. Liu.

#### 1. Heightened Pleading Standard for Claims Sounding in Fraud

Pursuant to Federal Rule of Civil Procedures Rule 9(b) ("Rule 9(b)"), "[i]n alleging fraud …, a party must state with particularity the circumstances constituting fraud …" Fed. R. Civ. P. 9(b). Rule 9(b) requires parties alleging fraud to provide "all of the essential factual background that would accompany 'the first paragraph of any newspaper story' — that is, the 'who, what, when, where and how' of the events at issue." *In re Rockefeller Center Properties, Inc. Sec. Litig.*, 311 F.3d 198, 217 (3rd Cir. 2002) (citation to and quoting from *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1422 (3d Cir. 1997), *overruled on other grounds by Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

The heightened pleading standard for fraud under Rule 9(b) is based, in part, "to minimize the extortionate impact that a baseless claim of fraud can have on a firm or an individual." *Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 748 (7th Cir. 2005); *see also Kennedy v. Venrock Assocs.*, 348 F.3d 584, 594 (7th Cir. 2003) (noting importance of heightened pleading standard "to protect individuals and businesses from privileged libel").  Plaintiffs must satisfy this heightened standard "by pleading the date, place or time of the fraud, or through alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004) (internal quotations omitted and emphasis added). "Plaintiffs *also must allege who made a misrepresentation to whom and the general content of the misrepresentation.*" Id. (emphasis added); see also  *In re Rockefeller Center Properties, Inc. Sec. Litig.*, 311 F.3d 198, 217 (3rd Cir. 2002) (citation to and quoting from *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1422 (3d Cir. 1997), *overruled on other grounds by Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  Further, "[a] plaintiff must plead fraud with particularity with respect to *each defendant,* thereby informing each defendant of the nature of its alleged

participation in the fraud." *Naporano Iron & Metal Co. v. Am. Crane Corp.*, 79 F. Supp. 2d 494, 511 (D.N.J. 1999) (emphasis added).Failure to meet the specific pleading requirements of Rule 9(b) may result in dismissal for failure to state a claim pursuant to Rule 12(b)(6). See *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1424 (3d Cir. 1997) ("[W]hile dismissal on Rule 12(b)(6) alone would not have been proper, the dismissal on Rule 9(b) grounds was.") *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1107–1108 (9th Cir. 2003); *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003).

### 2. Plaintiff's Complaint is Woefully Deficient as it Fails to State a Claim for Fraud against OnlineNIC or Mr. Liu with Particularity

Plaintiff has failed to plead fraud against OnlineNIC or Mr. Liu with anything close to the particularity required by Rule 9(b). To establish a claim for fraud under Pennsylvania law, a plaintiff must demonstrate the existence of the following six elements: "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." *Gibbs v. Ernst*, 538 Pa. 193, 647 A.2d 882, 889 (Pa. 1994). While National has alleged that OnlineNIC and Mr. Liu have each defrauded National, the allegations in the Complaint are woefully deficient even under the general pleading standards of Fed. R. Civ. P. 8, let alone the heightened pleading standards required by Fed. R. Civ. P. 9(b).

Plaintiff's entire Complaint contains just a single factual assertion related to OnlineNIC—namely, that funds from an allegedly fraudulent transaction were, at the direction of an unknown perpetrator, transferred to a bank account in the name of OnlineNIC. *See* Complaint at ¶17. Nowhere in the Complaint does Plaintiff allege that OnlineNIC, through any of its officers or agents, made any representation to National,

8

let alone that such a representation was false, made with knowledge of its falsity, or relied upon by Plaintiff. The reason for such fatal omission is because Plaintiff cannot, candidly, make such allegations.

Rather than set forth any specific factual assertions of conduct by OnlineNIC, National simply claims, with no factual basis, that:

> Upon information and belief, OnlineNIC, Narancic and Liu, facilitated the improper and unlawful actions of Defendant Doe by, inter alia, facilitating wire transfers of funds, laundering money for Doe, actively concealing the true identity and location of Doe and such other further acts as shall be revealed, in discovery.

Complaint at ¶ 21. It is axiomatic that "a plaintiff generally cannot satisfy the particularity requirement of Rule 9(b) with a complaint that is filed on information and belief." *Pirelli Armstrong Tire Corporation Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 442 (7th Cir. 2011); *see also Stern v. Leucadia Nat'l Corp.*, 844 F.2d 997, 1103 (2d Cir. 1988) ("Fraud pleadings generally cannot be based on information and belief.") (citing *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987)). While some courts have held that the rule against pleading on information and belief is not ironclad, such pleading is only permissible where "(1) the facts constituting the fraud are not accessible to the plaintiff and (2) the plaintiff provides 'the grounds for his suspicions.'" *Id.* (citing *Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 924 (7th Cir. 1992).

Plaintiff has made no such allegation that the facts constituting the fraud—the actions of an unknown thief operating under the name "Richard McConnell," and not OnlineNIC, Mr. Narancic or Mr. Liu—are somehow particularly within the knowledge of OnlineNIC, Mr. Narancic, or Mr. Liu. Nor has Plaintiff set forth *any* facts to alert the Court, let alone Moving Defendants, of the *factual basis for such belief. See, e.g., Ricupito v. Indianapolis Life Ins. Co.*, Civ Act. No. 3:09-cv-2389-B,MDL No. 1983, 2010

U.S. Dist. LEXIS 104893, *16 (N.D. Tex. Sept. 30, 2010) (noting that even under 5th Circuit's somewhat relaxed interpretation of Rule 9(b) where "the alleged fraud was uniquely within the perpetrator's knowledge," a plaintiff still may not use such pleading as a "license to base claims of fraud on speculation and conclusory allegations.").

Plaintiff has made no allegation here that the facts surrounding the purported fraud are peculiarly within the knowledge of OnlineNIC, Mr. Narancic or Mr. Liu. However, even if Plaintiff's Complaint *did* make such an allegation, "the allegations *must be accompanied by a statement of facts upon which the belief is founded.*" *Stern v. Leucadia Nat'l Corp.*, 844 F.2d 997n1103 (2d Cir. 1988); *see also Shulton, Inc. v. Optel Corp.*, Civ. Act. No. 85-2925, 1986 U.S. Dist. LEXIS 19775, *53 (D.N.J. Sept. 29, 1986) ("[T]he court cannot accept such serious allegations of fraud based solely on the 'information and belief' of the plaintiff alone, without any elaboration as to the basis of that belief."); *Weiner v. Quaker Oats Co.*, 129 F.3d 310, 319 (3d Cir. 1997) ("[E]ven under a non-restrictive application of the rule, pleaders must allege that the necessary information lies within defendants' control, and their allegations must be accompanied by a statement of the facts upon which the allegations are based.")(quoting *Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989)).

National has, in essence, made outrageous allegations of fraudulent, and even criminal, activity, against Moving Defendants, without *any* factual basis, or even any indication of the facts upon which National bases its "information and belief." This is precisely the sort of "privileged libel" that the heightened pleading standard of Rule 9(b) is designed to prevent. *See Kennedy*, 348 F.3d at 594. Plaintiff's allegations of fraud against OnlineNIC and Mr. Liu fall well short of the level of particularity

required, and those allegations of fraud must be dismissed pursuant to Rules 9(b) and 12(b)(6).

### C. **Plaintiff Has Failed to State a Claim for Civil Conspiracy**

Under Pennsylvania law, to establish a prima facie case of civil conspiracy, a plaintiff must show the following:

> (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage.

*SNA Inc. v. Array*, 51 F. Supp. 2d 554, 561 (E.D. Pa. 1999) (*quoting Strickland v. Univ. of Scranton*, 700 A.2d 979, 987-88 (Pa. Super. Ct. 1997)). A further essential element is proof of malice or intent to injure. *Forcine Concrete and Construction Co., Inc.*, Civ. Act. No. 08-2926, 2010 U.S. Dist. LEXIS 59196, *14 (E.D. Pa. June 14, 2010) (*citing Strickland*, 700 A.2d at 988). Plaintiff's allegations of civil conspiracy against OnlineNIC and Mr. Liu consist solely of legal conclusions entirely bereft of any factual basis, and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff has not alleged a *single* concrete factual allegation to establish *any* common purpose between OnlineNIC, Mr. Narancic, Mr. Liu and the mystery tortfeasor allegedly pretending to be Richard McConnell. Rather, Plaintiff's Complaint simply makes the conclusory allegation that "upon information and belief, OnlineNIC, Narancic and Liu, facilitated the improper and unlawful actions of Defendant Doe," *see* Complaint at ¶ 21, and recites the elements of civil conspiracy in the form of additional conclusory allegations with no factual basis. *See* Complaint at ¶¶ 41-44. Additionally, the Complaint contains no allegation of any statement made or action taken by Mr. Liu that would subject him to any personal liability, other than the conclusory allegation in paragraph 7 that the conduct attributed to OnlineNIC was for Mr. Liu's "personal benefit."

<u>Even considered in the light most favorable to Plaintiff, these are precisely the sort of "bald assertions" and "legal conclusions" that a Court need not credit in deciding a motion to dismiss.</u> *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Plaintiff's Complaint simply alleges an entitlement to relief, without showing such an entitlement with its facts, and as such must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Further, National's claim for civil conspiracy must be dismissed because National has failed to properly plead the underlying tort that is the subject of the purported conspiracy. "[S]ince liability for civil conspiracy depends on performance of some underlying tortious act, the conspiracy is not independently actionable; rather, it is a means for establishing vicarious liability for the underlying tort.'" *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 407 (3d Cir. Pa. 2000) (*quoting Halberstam v. Welch*, 227 U.S. App. D.C. 167, 705 F.2d 472, 479 (D.C. Cir. 1983)).

**D.**     **Plaintiff Has Failed to State a Claim for Conversion**

Under Pennsylvania law, to prevail upon a claim for conversion, a plaintiff must show that the defendant committed a "deprivation of another's right of property in, or use or possession of, a chattel, without the owner's consent and without lawful justification." *Eisenhauer v. Clock Towers Assoc.*, 582 A.2d 33, 36 (Pa. Super. 1990) (*quoting Shonberger v. Oswell*, 530 A.2d 112, 114 (Pa. Super. 1987). In Count II of its Complaint, National asserts that "Defendants Doe, OnlineNIC, Narancic and Liu have converted specific funds belonging to National, the $35,000.00 Purchase Price, for their own purposes, without privilege to do so."

Yet, beyond this formulaic recitation of the elements of the claim, Plaintiff has utterly failed to set forth a claim for conversion upon which relief can be granted.

As described above, National's Complaint contains just a single allegation beyond bald assertions and legal conclusions, of any action specific to OnlineNIC—namely, that funds from an allegedly fraudulent transaction were, at the direction of an unknown perpetrator, transferred to a bank account in the name of OnlineNIC. *See* Complaint at ¶17. Plaintiff has adduced no well-pleaded facts (or any facts at all, for that matter) that would establish that OnlineNIC in any way caused the deprivation of Plaintiff's property, let alone that any such deprivation was done without justification.

The Complaint is even more bereft of facts that would establish liability on the part of Mr. Liu. Aside from conclusory, unsupported allegations that Mr. Liu is a "Manager" of OnlineNIC and that the actions of OnlineNIC were done at his direction, the Complaint contains no allegation of any specific action by Mr. Liu that would support a claim for conversion. As with Plaintiff's other claims against Moving Defendants, the Complaint simply alleges an entitlement to relief, without pleading such an entitlement with facts. As such, dismissal is mandated pursuant to Rule 12(b)(6). *Fowler,* 578 F.3d at 210.

### E. **Plaintiff's Claim for Constructive Trust Must be Dismissed**

In Count V of the Complaint, Plaintiff attempts to set forth a cause of action for "constructive trust." However, "the imposition of a constructive trust is *not a cause of action* but rather an equitable remedy that is enforced by a suit in equity." *Lerario v. Provident Life & Accident Ins. Co.*, Civ. Act. No. 96-2100, 1996 U.S. Dist. LEXIS 13671 (E.D. Pa. Sept. 20, 1996). Because Plaintiff's other claims against OnlineNIC fail as a matter of law, Plaintiff may not maintain a separate claim in equity for a constructive trust against OnlineNIC. As such, Count V of the Complaint must be dismissed.

### III.     CONCLUSION

In summary, Plaintiff's entire Complaint is based upon wild, unsupported and unsupportable speculation that does not approach satisfying the federal pleading requirements.

For the reasons set forth herein, Defendants OnlineNIC, Inc. and Rex W. Liu respectfully request that this Honorable Court enter the proposed Order, dismissing Plaintiff's Complaint with prejudice pursuant to Federal Rules of Procedure 12(b)(6) and 9(b).

                                        DEEB PETRAKIS BLUM & MURPHY, P.C.

Dated: July 14, 2011         By:    /s/ Adam S. Barrist
                                        ADAM S. BARRIST
                                        DAVID P. DEAN
                                     1601 Market Street, Suite 2600
                                     Philadelphia, PA  19103
                                     Attorney ID Nos:   88645 / 210044
                                     215-563-0500
                                     215-563-5532-fax
                                     abarrist@dpattorneys.com;
                                     ddean@dpattorneys.com
                                     Attorneys for Defendants,
                                     OnlineNIC, Inc. and Rex W. Liu